**UNITED STATES of America,**
**Appellee,**

v.

**Alcide Paul FONTAINE, Defendant,**
**Appellant.**

**No. 7336.**

United States Court of Appeals
First Circuit.

Oct. 24, 1969.

Joseph V. Aguiar, Jr., Fall River, Mass., by appointment of the Court, for appellant.

James B. Krasnoo, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and COFFIN, Circuit Judge.

PER CURIAM.

The defendant was indicted in two counts; count 1 for selling a quantity of a drug known as LSD in violation of 21 U.S.C. § 331(q) (2); count 2 for receiving marihuana without having paid the transferee tax in violation of 26 U.S.C. § 4744(a) (1). During trial there was introduced as exhibits the LSD tablets and the glassine envelopes of, admittedly, marihuana, that defendant, according to the testimony, had transferred to an undercover government agent. At the conclusion of the case the court ordered a verdict for the defendant on count 2, the government having failed in the technical proof needed to establish a tax violation. The jury returned a verdict of guilty on count 1.

The only point of any possible consequence on this appeal relates to the court's refusal to withdraw the marihuana exhibit from the consideration of the jury when it withdrew the marihuana count. Although at first blush this seems an unusual ruling, we find it correct.

After probing other defenses, the defendant went to the jury on entrapment.[1] The defendant protests that the marihuana evidence prejudiced him in this regard. In the nonlegal sense of the word doubtless it did. Defendant's willingness, according to the government testimony, to sell marihuana —indeed to offer to do so at the time of the completion of the LSD sale—weakened his position that he was inveigled by the government agent. In view of the contemporaneousness of the offer, the defendant's claim that because the

---

* By designation.

1. We are indebted to defendant's counsel for the suggestion that this defense failed as a matter of law only because of a "semantic" error, which proved to mean that a government witness said the wrong words from the defendant's point of view.

marihuana sale took place three weeks later it was too distant in time to be of value is meritless. We consider the episode relevant and admissible proof of defendant's predilection even though the transfer was only a state offense.

When the marihuana exhibit was introduced, no limitation was requested that it be considered only on count 2. It was, accordingly, in evidence for all relevant purposes. The government had the right to have it remain.

Affirmed.